Slip Op. 11 - 30

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| BORUSAN MANNESMANN BORU SANAYI ve TICARET A.Ş., | : | |
| Plaintiff, | : | |
| v. | : | Before: R. Kenton Musgrave, Senior Judge |
| UNITED STATES, | : | Court No. 10-00312 |
| Defendant, | : | |
| and | : | |
| WHEATLAND TUBE COMPANY, and UNITED STATES STEEL CORP., | : | |
| Defendant-Intervenors. | : | |

## OPINION

[Granting plaintiff's motion to stay and holding defendant's motion to dismiss in abeyance.]

Dated: March 22, 2011

*Lafave Associates* (*Arthur J. Lafave III*) for the plaintiff.

*Tony West*, Assistant Attorney General; *Jeanne E. Davidson*, Director, *Franklin E. White, Jr.*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Melissa M. Devine*); Office of the Chief Counsel for Import Administrative, U.S. Department of Commerce (*Sapna Sharma*), of counsel, for the defendant.

*King & Spaulding, LLP* (*Gilbert B. Kaplan*, *Brian E. McGill*, *Daniel L. Schneiderman*, and *Prentiss L. Smith*), for the defendant-intervenor Wheatland Tube Company.

Skadden Arps Slate Meagher & Flom, LLP (*Jeffrey D. Gerrish*, *Robert E. Lighthizer*, and *Soo-Mi Rhee*), for the defendant-intervenor United States Steel Corporation.

Musgrave, Senior Judge:  Plaintiff Borusan Mannesmann Boru Sanayi ve Ticaret A.Ş.

("BMB") initiated this action to contest three aspects of *Certain Welded Carbon Steel Pipe and Tube*

*from Turkey: Notice of Final Antidumping Duty Administrative Review*, 75 Fed. Reg. 64250 (Dep't

Comm. Oct. 19, 2010) ("*Final Results*"), as compiled by the Department of Commerce, International

Trade Administration ("Commerce").  BMB has now moved for stay to abide the final disposition

of two decisions of this Court currently before the Court of Appeals for the Federal Circuit

("CAFC") that BMB argues affect the first and third counts of its complaint, respectively: the

inclusion of "unpaid and uncollected" import duties from a Turkish duty drawback program in

BMB's cost of production ("Count One") and inconsistent statutory interpretation in the application

of "zeroing"[1] in the determination of BMB's weighted average dumping margin ("Count Three").

Recent affirmance of *Saha Thai Steel Pipe (Public) Co. v. United States*, Slip Op. 10-

1 (Jan. 4, 2010) __ F.3d ___, 2011 WL 553585 (Fed. Cir. Feb. 14, 2011), by the CAFC undercuts

argument for stay with respect to Count One.  Whether further appeal of that matter will be taken

is doubtful but remains to be seen.  *See Saha Thai Steel Pipe (Public) Co. v. United States*, 35 CIT

___, Slip Op. 11-29 (Mar. 22, 2011); *see also* 28 U.S.C. § 2101(c).

Regarding *Dongbu Steel Co. v. United States*, 34 CIT ___, 677 F. Supp. 2d 1353

(Feb. 4, 2010), *appeal docketed*, No. 2010-1271 (Fed. Cir. Mar 29, 2010), BMB argues a decision

---

[1]  Familiarity is here presumed on Commerce's zeroing practice generally and its 2006 announcement that zeroing would be discontinued in investigations.  *See, e.g., Corus Staal BV v. United States*, 502 F.3d 1370 (Fed. Cir. 2007); *see also Antidumping Proceedings: Calculation of the Weighted-Average Dumping Margin During an Antidumping Investigation; Final Modification*, 71 Fed. Reg. 77722, 77724 (Dep't Comm. Dec. 27, 2006) ("the Department's denial of offsets in certain investigations, when using the average-to-average comparison methodology, was inconsistent with the Antidumping Agreement").

by the CAFC is expected that will address the same claim that BMB raises as Count Three of this action, namely the allegedly inconsistent and unlawful agency interpretation of the statutory term "weighted average dumping margin" after abandoning zeroing in investigations. *See* 19 U.S.C. § 1677(35)(A)-(B).  BMB argues a stay will conserve resources on adjudication of Count Three until the precise issue is settled in *Dongbu*.

The government opposes a stay and moves to dismiss Count Three for failure to state a claim for which relief is available. *See* USCIT Rule 12(b)(5).  The parties thus move for entry of conflicting scheduling orders, and BMB has also submitted a further motion for leave to file a sur-reply to the motion to dismiss.  The government's response to that motion is one of partial opposition, in that it takes no position with respect to the discussion of a particular case therein, *SKF USA Inc. v. United States*, 630 F.3d 1365 (Fed. Cir. 2011), but argues that the portions of the sur-reply that do not discuss *SKF* should be struck because they are simply reiteration of points BMB previously raised on other issues.  The government also argues that since it is the movant on the motion to dismiss, it ought to be permitted the final word and the opportunity to file a sur-rebuttal in the event the sur-reply is permitted filing.

Unlike BMB's motion, the government has not actually attempted filing of its proposed sur-rebuttal.  But its points are well-taken: the Rules of this Court "should be construed to secure the just, speedy, and inexpensive determination of every action and proceeding." USCIT R. 1.  Further, a "court cannot allow the pre-trial . . . process to become needlessly protracted by endless sur-reply briefs." *Saha Thai Steel Pipe Co. v. United States*, 11 CIT 257, 259 n.5, 661 F. Supp. 1198, 1201 n.5 (1987).  On the other hand, it is also "in the interest of the court to hear all the

parties' arguments expressed as thoroughly and clearly as possible" when dealing with complex

issues or issues of statutory interpretation of possibly precedential import. *Borden, Inc. v. United*

*States*, 22 CIT 233, 248 n.11, F. Supp. 2d. 1221, 1234 n.11 (1998).  *See, e.g., Diamond Sawblades*

*Mfrs. Coalition v. United States*, 31 CIT 1249, 1252 (2007).  On that note, BMB's motion to file a

sur-reply will be granted, but those parts of it that do not concern discussion of *SKF* will be

disregarded.

       Turning to the motion to stay, such a motion is an appeal to a court's discretion,

which is "not to its inclination, but to its judgment; and its judgment is to be guided by sound legal

principles." *United States v. Burr*, 25 F. Cas. 30, 35 (No. 14692D) (CC Va. 1807).  The stay

applicant bears the burden of demonstrating the circumstances entitling it to a stay, *e.g., Nken v.*

*Holder*, __ U.S. ___, ___, 129 S.Ct. 1749, 1761 (2009), and consideration is typically on (1)

whether the applicant has made a strong showing that he is likely to succeed on the merits, (2)

whether the applicant will be irreparably injured absent a stay, (3) whether issuance of the stay will

substantially injure the other parties interested in the proceeding, and (4) where the public interest

lies.  *Id*.  And as a practical matter, the standard for both a stay and a preliminary injunction is the

same, in that both prevent

> some action before the legality of that action has been conclusively determined. But
> a stay achieves this result by temporarily suspending the source of authority to act --
> the order or judgment in question -- not by directing an actor's conduct.  A stay
> "simply suspend[s] judicial alteration of the status quo," while injunctive relief
> "grants judicial intervention that has been withheld by lower courts."

*Id*. at 1758 (quoting *Ohio Citizens for Responsible Energy, Inc. v. NRC*, 479 U.S. 1312, 1313

(1986)).  As on a motion for preliminary injunction, no single factor is dispositive on a motion for

stay, and "the weakness of the showing regarding one factor may be overborne by the strength of the others." *Diamond Sawblades Mfrs. Coalition v. United States*, 33 CIT ___, Slip Op. 09-128 (Nov. 9, 2009) (quoting *FMC Corp. v. United States*, 3 F.3d 424, 427 (Fed. Cir. 1993)).

With respect to Count Three, the government argues BMB has not suggested it will suffer economic or any other harm or any legal prejudice by proceeding with litigation, nor has it argued or demonstrated that there is a "strong likelihood of success on the merits," or addressed whether a stay will benefit the public interest, or argued that the balance of hardships favor a stay, apart from its argument regarding conservation of parties' and the court's resources. Further, the government contends, BMB does not address the likelihood of departure by the CAFC from its line of cases upholding zeroing in administrative reviews; in the most recent case the CAFC observed that the continued practice of zeroing in administrative reviews was "not inconsistent with the statute" discontinuation of the practice in investigations. *SKF USA Inc. v. United States*, 630 F.3d 1365, 1375 (Fed. Cir. 2011) ("[e]ven after Commerce changed its policy with respect to original investigations, we have held that Commerce's application of zeroing to administrative reviews is not inconsistent with the statute")[2] (referencing *Corus Staal BV v. United States*, 502 F.3d 1370, 1375 (Fed. Cir. 2007)). Rather, the government argues, case law counsels dismissal of Count Three entirely.

BMB's sur-reply contends that the precise issue addressed in *SKF*, in the administrative review covered thereby, was the argument that zeroing was improper because zeroing

---

[2] *But cf. Antidumping Proceedings: Calculation of the Weighted Average Dumping Margin and Assessment Rate in Certain Antidumping Duty Proceedings*, 75 Fed. Reg. 81533 (Dec. 28, 2010) (request for comments on proposed elimination of zeroing in most antidumping duty reviews due to inconsistency with "international obligations").

is "prohibited" by the World Trade Organization, whereas the claim in this matter "is that Commerce has acted inconsistently with *U.S. law* by interpreting the same provision of the statute in arbitrary and inconsistent ways under its gap-filling authority." Pl.'s Sur-Reply to Def.'s Reply in Support of its Motion to Dismiss in Part at 4 (italics added). BMB implies *SKF*'s reference to *Corus Staal* should be discounted because *Corus Staal* considered an administrative review that had been completed before Commerce announced the change in its zeroing policy with respect to investigations (and therefore might be said to involve conceptually "uniform" application of policy), whereas *Dongbu* involves an administrative review completed after Commerce announced its change in policy and is expected to address the issue BMB raises in this matter by way of Count Three of its complaint.

The court is persuaded the Federal Circuit has not precisely addressed the issue here. After considering the arguments for and against the motion for stay, the motion will be granted and the government's motion to dismiss will be held in abeyance pending the exhaustion of appeal in both *Dongbu* and *Saha Thai*. Although recent decisions continue to sustain zeroing in various contexts (*see, e.g., SKF, supra; Calgon Carbon Corp. v. United States*, Slip Op. 11-21 at 28 (Feb. 17, 2011); *MCC Eurochem v. United States*, Slip Op. 11-13 at 4 (Feb. 4, 2011)), the issue of consistent statutory interpretation is of sufficient import to warrant a stay of this matter. *Cf* note 2, *supra*. Neither the government nor the domestic industry have alleged they would be injured in any way by maintenance of the *status quo* and the *Final Results* are otherwise uncontested. A separate order implementing the foregoing will issue.

Dated: March 22, 2011                    /s/  R. Kenton Musgrave
       New York, New York          R.  KENTON MUSGRAVE, Senior Judge

# UNITED STATES COURT OF INTERNATIONAL TRADE

BORUSAN MANNESMANN BORU SANAYI
ve TICARET A.Ş.,

                Plaintiff,

           v.

UNITED STATES,

              Defendant,

       and

WHEATLAND TUBE COMPANY, and
UNITED STATES STEEL CORP.,

          Defendant-Intervenors.

Before:  R. Kenton Musgrave, Senior Judge

Court No. 10-00312

## ORDER

Upon consideration of the plaintiff's motion to stay proceedings, the defendant's motion to dismiss Count Three of the complaint, and the parties' motions for entry of scheduling orders, and all other pertinent papers and proceedings, it is hereby

**ORDERED** that the plaintiff's motion to file a sur-reply to the defendant's motion to dismiss be, and it hereby is, granted, and it is further

**ORDERED** that the plaintiff's motion to stay pending exhaustion of appeal of the later of *Saha Thai Steel Pipe (Public) Co. v. United States*, Slip Op. 10-1 (Jan. 4, 2010), *aff'd*, No. 2010-1220, -1244 (Fed. Cir. Feb. 14, 2010) and *Dongbu Steel Co v. United States*, Slip Op. 10-13 (Feb. 4, 2010), *appeal docketed*, No. 2010-1271 (Fed. Cir. Mar. 29, 2010), as and to the extent such final decisions pertain to Counts One and Three of the plaintiff's complaint, respectively, be, and it hereby is, granted, and the matter is accordingly stayed hereby until the time for further appeal of the foregoing shall have expired, at which point this stay shall lift automatically without further action from the parties or this court, and it is further

**ORDERED** that the defendant's motion to dismiss Count Three of the plaintiff's complaint be, and it hereby is, held in abeyance until such time as the above stay is automatically lifted, and it is further

Court No. 10-00312                                                          Page 2

       **ORDERED** that any USCIT Rule 56.2 motion for judgment upon the agency record of this matter shall be filed no later than 60 days after entry of the court's order on the defendant's motion to dismiss, to be issued as soon as practicable after the above stay is lifted automatically, and it is further

       **ORDERED** that responses to any such motion for judgment upon the agency record shall be filed within 60 days after service of the brief of the movant, with 30 days thereafter for service of any reply.

                      **/S/**     R. Kenton Musgrave
                                   Senior Judge

Dated: March 22, 2011
     New York, New York