Slip Op. 11 - 58

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| BORUSAN MANNESMANN BORU SANAYI ve TICARET A.Ş., | : <br> : |
| Plaintiff, | : <br> : |
| v. | :    Before: R. Kenton Musgrave, Senior Judge <br> :    Court No. 10-00312 |
| UNITED STATES, | : <br> : |
| Defendant, | : <br> : |
| and | : <br> : |
| WHEATLAND TUBE COMPANY, and UNITED STATES STEEL CORP., | : <br> : |
| Defendant-Intervenors. | : <br> : |

**OPINION AND ORDER**

[Denying defendant's motion to dismiss part of plaintiff's complaint.]

Dated: May 26, 2011

*Lafave Associates* (*Arthur J. Lafave III*) for the plaintiff.

*Tony West*, Assistant Attorney General; *Jeanne E. Davidson*, Director, *Franklin E. White, Jr.*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Melissa M. Devine*); Office of the Chief Counsel for Import Administrative, U.S. Department of Commerce (*Sapna Sharma*), of counsel, for the defendant.

*King & Spaulding, LLP* (*Gilbert B. Kaplan*, *Brian E. McGill*, *Daniel L. Schneiderman*, and *Prentiss L. Smith*), for the defendant-intervenor Wheatland Tube Company.

Skadden Arps Slate Meagher & Flom, LLP (*Jeffrey D. Gerrish*, *Robert E. Lighthizer*, and *Soo-Mi Rhee*), for the defendant-intervenor United States Steel Corporation.

Musgrave, Senior Judge:   Presently before the court is a motion to dismiss the third count of the plaintiff's complaint with prejudice. *See Borusan Mannesmann Boru Sanayi ve Ticaret A.S. v. United States*, Slip Op. 11-30, 2011 WL 1086057 (CIT Mar. 22, 2011), familiarity with which is presumed.  The government's primary argument in support of the motion is appeal to the "unequivocal" line of decisions upholding the practice of "zeroing" by the Department of Commerce, International Trade Administration ("Commerce"), in the context of antidumping duty administrative reviews as well as original investigations.

As previously observed, the third count of the complaint alleges Commerce applied an inconsistent construction of 19 U.S.C. § 1677(35) in zeroing the plaintiff's sales in *Certain Welded Carbon Steel Pipe and Tube from Turkey: Notice of Final Antidumping Duty Administrative Review*, 75 Fed. Reg. 64250 (Dep't Comm. Oct. 19, 2010), after abandonment of that practice in investigations. *See Antidumping Proceedings: Calculation of the Weighted-Average Dumping Margin During an Antidumping Investigation; Final Modification*, 71 Fed. Reg. 77722, 77724 (Dep't Comm. Dec. 27, 2006).  The government's motion to dismiss has been held in abeyance pending a decision of the Court of Appeals for the Federal Circuit ("CAFC") on *Dongbu Steel Co. v. United States*, 42 CIT ___, 677 F. Supp. 2d 1353 (2010), *appeal docketed*, No. 2010-1271 (Fed. Cir. Mar. 29, 2010), which addressed a similar issue.  That decision has now come.

In *Dongbu Steel Co. v. United States*, 635 F.3d 1363 (Fed. Cir. 2011), the CAFC concluded Commerce had not provided a reasonable explanation for differing interpretations of "weighted average dumping margin" that depend upon whether the context is administrative review or investigation, *see* 19 U.S.C. § 1677(35)(A)&(B), and therefore the matter was remanded to this

Court for further instruction to Commerce either to provide a reasonable explanation or "choose a single consistent interpretation of the statutory language." 635 F. 3d at 1373.

      Mandate thereof having issued, on May 23, 2011, consistent therewith the instant motion to dismiss with prejudice must be, and it hereby is, denied. Motion and briefing shall proceed accordingly. *See* Order of March 22, 2011, ECF No. 58.

      **So ordered**.

                                                 /s/  R. Kenton Musgrave
                                                 R.  KENTON MUSGRAVE, Senior Judge

Dated: May 26, 2011
      New York, New York